ALBANY,
January, 1822.

JOHNSTON
v.
SUPERVISORS
OF HERKIMER
COUNTY.

In the matter of THOMAS JOHNSTON *against* The Supervisors of HERKIMER COUNTY.

If the owner or occupant through whose improved land a public highway has been laid out, does not, within *seventy days after* the determination of the commissioners of highways, or *within thirty days after the expiration of* the *forty days* allowed for the party to appeal from such order, *elect* the mode or manner in which he would have the damages assessed, he merely loses the right of having the damages assessed by three commissioners appointed by a Judge of the Court of C. P., but the damages may be, afterwards, assessed, in the ordinary way, by two Justices, and a jury of twelve freeholders; and if so assessed, the board of supervisors are bound to have the amount levied and collected, according to the act.

S. FORD moved for a *mandamus* to be directed to the supervisors of the county of *Herkimer*, commanding them to cause to be levied on the town of *Minden*, in that county, the amount of damages assessed in favour of *Thomas Johnston*, for a public highway over his improved land.

It appeared, that a road was ordered by the commissioners of highways to be laid out through the improved land of *J.*, on the 26th of *May*, 1820, which order was annulled, on appeal to the Judges of the Court of Common Pleas, on the 12th of *June*, and their decision recorded the 19th of *June*, 1820. On the 20th of *June*, 1820, a second road was

ALBANY,
January, 1822.

JOHNSTON
v.
SUPERVISORS
OF HERKIMER
COUNTY.

ordered to be laid by the commissioners, and the certificate of their proceedings regularly filed in the clerk's office on the 21st of *June*, 1820; and on the 7th of *May*, 1821, *Johnston* and others were ordered to open the road, which was done within sixty days after the order was served on *J.*, as to his land. On the 30th of *May*, 1821, *Johnston* elected to have his damages assessed by two Justices of the Peace, and twelve reputable freeholders, pursuant to the 16th section of " the act to regulate highways," passed *March* 19, 1813, (sess. 36. ch. 33. 2 *N. R. L.* 270.) and in *June*, 1821, the damages were accordingly assessed. The order and certificate of damages and charges, &c. were presented to the board of supervisors in *November*, 1821, and they were requested to have the same levied and collected in the town, according to the directions of the act; but the supervisors refused to have the same levied, on the ground that *J.* did not make his election, as to the mode of having his damages assessed, within *seventy* days after the road was established.

The 16th section of the act gives the owner of the land over which the highway is opened, his election to have his damages assessed by two Justices of the Peace, and the oath of twelve freeholders, or by three commissioners to be appointed by a Judge of the Court of Common Pleas of the county.

The 36th section of the act gives the party aggrieved, forty days after the determination of the commissioners to lay out the road, within which to appeal to any three of the Judges of the Court of Common Pleas; and the 38th section of the same act declares, that whenever any road or highway shall be laid out by the commissioners, &c. and the person through whose lands the same has been so laid out, shall have appealed, &c., and the order shall be confirmed, or in case no appeal shall be made within the time limited by law, such owner or occupant *shall*, within *thirty* days thereafter, make his election as to the mode or manner in which he will elect to have his damages assessed; and if he shall elect to have his damages assessed by the commissioners to be appointed by a Judge of the Court of Common Pleas, agreeable to the provisions of the act, it shall be his

ALBANY,
January, 1822.

JOHNSTON
v.
SUPERVISORS
OF HERKIMER
COUNTY.

duty to give notice of the time of meeting of such commissioners, &c. The 39th section empowers the commissioners of highways, or a majority of them, where a public highway has been laid out through any enclosed lands, according to the provision of the act, after giving the owner or occupant *sixty days* notice to remove his fences, to direct the road to be opened and worked, &c., provided that there has been no appeal from their determination, and if there has, then the sixty days notice shall be given after the decision of such appeal. The 48th section makes it the duty of the town clerk, whenever the order of the commissioners for laying out a road shall be recorded by him, to put up a copy of the order on the door of the house where the town meeting is usually held; and the time limited for appealing from the commissioners to the Judges, is to be computed from the time of recording and putting up such order.

*Ford* observed, that the difficulty or obscurity, as to the meaning of the present act, arose from the circumstance of two previous acts relative to highways being incorporated into one act, and that which was originally a *proviso*, being now made an enacting clause. The 38th section of the present revised act is part of the *third* section of the act of *April* 11, 1808, (5 *Webst. Ed. L.* 386.) to amend the act of 1801, in which it is declared, that if the owner did not make his election, as to the mode or manner of having damages assessed within thirty days, &c. then the commissioners shall make application to two Justices of the Peace, who shall summon a jury, &c. as prescribed in the same act. The election spoken of clearly relates to having the damages assessed by commissioners appointed by a Judge; and the assessment by two Justices and a jury, is treated as the ordinary mode of assessing damages. The assessment by commissioners is an exception to the general rule of proceeding. In the 15th section of the act of 1801, (sess. 24. ch. 186. *K. & R. Ed.*) after enacting that the damages shall be assessed by two Justices, and a jury of twelve reputable freeholders, there is a *proviso* that it shall be at the election of the owner or occupant to have his damages assessed in that

ALBANY,
January, 1822.

JOHNSTON
v.
SUPERVISORS
OF HERKIMER
COUNTY.

mode. or by three commissioners appointed by a Judge of the Court of C. P., which clearly shows, that the assessment by two Justices and a jury is the regular mode of assessing damages, where the party does not make an election to have them assessed by commissioners. In the case of the *People* v. *Champion,* (16 *Johns. Rep.* 61.) the Court say, that the Judges have power to lay out a road themselves, where the commissioners of highways refuse to lay it out, as there is no provision in the act requiring the commissioners to lay out a road after the Judges have decided on an appeal.

*Cady,* contra, objected, 1. That the road was laid out on the petition of twelve freeholders, of whom *Johnston* was one.

2. That *Johnston,* at the time the road was laid out, informed the commissioners, that he should claim no damages.

3. That he did not, within *seventy* days after the road was determined and laid out, elect in what mode he would have his damages assessed.

*Per Curiam.* The party in this case lost nothing by his neglect to make his election within the time prescribed, as to the mode of having the damages assessed, but his right to have them assessed by the commissioners appointed by a Judge. And the damages having been regularly assessed by two Justices and a jury, in the mode pointed out by the statute, the board of supervisors were bound, when the application was made to them for that purpose, to cause the damages so assessed, with the charges, to be levied and collected in the town, pursuant to the statute. The motion for a *mandamus* is, therefore, granted.

Motion granted.