CHANCERY.

## Teeter *vs* Williams.

APPEAL FROM THE MADISON CIRCUIT.

*Equity and equitable jurisdiction. Attachment.*

JUDGE MARSHALL delivered the opinion of the Court.—JUDGE BRECK did not sit in this case.

June 6.

SINCE the abolition of imprisonment for debt, a creditor cannot lay hold of his debtor and prevent him from gaining a support for himself and family by his daily labor. He may, by the aid of the Chancellor, attach whatever may be due to his debtor, for labor already performed, and he may attach whatever may become due upon an existing contract for his future labor: but neither the creditor nor the Chancellor can compel the debtor to work out his part of such a contract, so as to earn

A creditor cannot have a decree against one to whom his debtor has contracted for work and labor beyond the sum due; nor can the Chancellor compel the debtor to perform a contract for labor that the

TEETER
*vs*
WILLIAMS.

creditor may
have the benefit
of the price.

the promised reward for the exclusive use of the creditor. If the Chancellor could exercise such power of compulsion at all, he certainly would not fail to allow to the debtor, out of the proceeds of his labor, so much as was necessary for the support of himself and family, and would give the net balance only to the creditor; and when a debtor, who is dependent upon his labor for the support of himself and family, has partially performed a contract for work, and the same is attached by his creditor, the Chancellor would not be disposed to animadvert severely upon the conduct of the parties, much less to subject either of them to penalties, if upon the debtor's refusal to go on and complete his part of the contract which had been attached, some new arrangement should be made by which he might appropriate his personal faculties and daily labor to those objects which have the highest claim upon him; and though the Chancellor might deem it his duty to scrutinize such new arrangement with some jealousy, when it resulted in the debtor's going on in fact, though under the employment of another contractor, to complete the same work which he had originally undertaken by the attached contract, yet even if the new arrangement should be deemed colorable only, it would seem that he ought not to do more in behalf of the creditor than would have been done if the debtor had gone on, either by constraint of the Chancellor or by his own will, to complete the original contract.

But, in the present case, we cannot find in the pleadings and proof such evidence of fraud in the new arrangement, by which Schuyler Ford, after refusing, upon being served with the attachment, to go on with the work, came back again and completed it under the employment of J. J. Ford, who had contracted with Teeter for its completion, as would authorize the Court to regard the work as having been in fact done under the original contract, unless it were admitted, as it cannot be, that Teeter was under some obligation to the attaching creditors of S. Ford, to compel him to go on with the work; or, that after S. Ford had abandoned his contract and quit the work, because, as he said, he could not stand to have the proceeds of his labor taken from him in that way, Teeter

was under some obligation not to let him come back again and do the work under the employment of J. J. Ford. The attachment did not, in our opinion, place Teeter under any such obligation. It bound him absolutely not to pay to S. Ford what he had already earned. If it also bound him not to pay over to S. Ford what he might afterwards earn under the contract, it neither bound nor enabled him to compel S. Ford to go on and complete the work ; and as any damages which he might have recovered, for a failure in this respect, if it had occurred without his consent, would have been exclusively his own, we do not perceive that his consent to the abandonment of the contract affords any ground of complaint to S. Ford's creditors ; and having employed J. J. Ford, as he had a right to do, to complete the work, it was immaterial to him whether it was actually done by S. Ford or another. If such was his contract with J. J. Ford, he was as much at liberty to pay daily or monthly wages to S. Ford as to another, subject however to have any thing which might be due from him to S. Ford, on this or any other account, attached by proceedings subsequent to the original attachment: but surely the original attachment itself did not restrain him from any future dealings with S. Ford, nor from paying him money, except on account of the contract which was attached. It does not, however, appear that Teeter paid him any thing, after the attachment was served, on account of his labor, either under the original contract or under the new arrangement, or that he was afterwards indebted to him on either account, except for his labor prior to the attachment, which seems to have been worth about $50. For this sum, therefore, and no more, the complainants were entitled to a decree against him, having it still in their power to institute new proceedings for the attachment of any other debt which he may still owe to S. Ford on any account whatever.

Wherefore, the decree is reversed, and the cause remanded, with directions to render a decree in favor of the complainant against Teeter, for fifty dollars, out of which so much of the costs as belong to the controversy between them should be paid.

. *Owsley & Goodloe* and *Caperton* for appellant: *Turner* for appellee.