## Kennedy *vs* Aldridge.

ERROR TO THE GARRARD CIRCUIT.

*Attachment.  Juries.  Practice.*

JUDGE MARSHALL delivered the opinion of the Court.

APPEAL.

*Case* 38.

5bm141
ei10 248

*Oct.* 8.

The case stated.

ALDRIDGE having obtained a judgment against Kennedy for $34 21, with interest and costs, before a Justice of the Peace, on which an execution of *fi. fa.* was returned "no property found," caused a summons to issue from the same Justice, against said Kennedy and James Robinson, who, as he alledged, had $50 of Kennedy's money in his hands. The summons required Robinson to appear, to answer as to the amount he had in his hands belonging to Kennedy, and Kennedy was required to appear and show cause &c., why Robinson should not be ordered to pay to the plaintiff. An appropriate restraining order was endorsed on the summons. Upon the appearance of the parties, the Justice dismissed the defendants, with costs against the plaintiff. On an appeal by the plaintiff, to the Circuit Court, the case was submitted to a jury, who, under instructions from the Court, found a verdict for the plaintiff for $35 21 in damages, for which, with interest thereon and the costs, a judgment was rendered against both defendants, with an additional order, that as it appeared that the sum of $50

had been guarnishied in the hands of the defendant, Rob-
inson, by the plaintiff, it is ordered that he pay the same,
or so much thereof as may be necessary, in discharge of
the aforesaid judgment, interest and costs ; and upon his
failure to do so, execution may issue therefor against him.

From a bill of exceptions taken in the case, it appears
that the only evidence before the jury, except the judg-
ment, execution and return first above stated, consisted of
the statement of Robinson, the guarnishee, from which
it appears that Kennedy having been one of the Com-
missioners of Garrard county, for taking in the lists of
taxable property, had authorised Robinson to draw his
compensation therefor, from the Public Treasury—that
having drawn and receipted for it under this authority, to
a greater amount than fifty dollars, the summons was
served upon him before he had paid it over. The Court
decided, in effect, upon this evidence, that the money of
Kennedy in the hands of Robinson, was properly sub-
ject to the attachment. And the propriety of this decis-
ion is the principal question intended to be made in this
Court.

It is contended, on the authority of the case of *Devine*
vs *Harvie*, (6 *Monroe*, 439,) that the fund now in ques-
tion being the compensation payable by the State to a
public officer or agent, should be protected until it reach-
es the hands of the officer or agent. But this case dif-
fers essentially from the one referred to, in the fact,
that in that case the money attempted to be appropriated
to the satisfaction of the creditor's demand, remained in
the Treasury, whereas in this, it has been paid to the au-
thorised agent of the person entitled to receive it from
the State. The objection that the act authorising the at-
tachment and subjection of the debtor's choses in action,
does not include his debts due from the State, does not
therefore apply in this case ; and we think the policy of
securing the intended compensation to the public agents
of the State, cannot, without violating the provisions of
the act just referred to, be carried farther than to protect
from attachment the claim of the officer or agent upon
the State. When, by his authority, it comes into the
hands of an individual, it is no longer a debt from the

When a public
officer has re-
ceived from the
Public Treasury,
thro' an agent,
monies to which
he was entitled
for public servi-
ces, it is subject
to attachment by
his debts, in the
hands of the a-
gent.

State, but becomes a debt from an individual, which cannot be properly distinguished from any other individual debt or demand; and is a chose in action, liable to be subjected to the debt of the person entitled to it.

There was no error, therefore, in the decision of the Court on that subject. And we proceed to notice the objections made to the formal course of the proceedings under the statutes of 1838 and 1840, (3 *Stat. Law*, 376 *and* 378.) A Justice of the Peace may, upon application of a plaintiff in a judgment rendered by him, on which the execution has been returned "no property, &c." as to the whole or a part of the debt, and on the suggestion that a third person or persons are indebted to the defendant, issue such a summons as was issued in this case, against the third person or persons and the defendant, without the execution of a bond. And the Justice is authorsed to make such orders as may be necessary, to sesure the plaintiff's debt from the third person, provided he is indebted to the defendant. The act of 1840, which extends the provisions of the act of 1838, to cases between five pounds and fifty dollars, gives an appeal in these cases, to the Circuit Court. And although, by a strict construction, the right of appeal might seem to be confined to the guarnishee, and to a case of a judgment or order against him, we think upon a fair interpretation of the act, an appeal was intended to be given to any party against whom the judgment of the Justice might be rendered.

The preamble to the act of 1838, shows that the proceeding was intended to be in the nature of a Chancery attachment. And with regard to debts over five pounds and under fifty dollars, it is evident that this mode of proceeding before a Justice, and by appeal from him, is provided in place of the Chancery attachments previously appropriate for the subjection of choses in action to the payment of judgments of that amount, and which commenced in the Circuit Court. From these considerations, as well as from the mode of proceeding before the Justice, as prescribed in the first section of the act of 1838, we are satisfied that the Justice, in the first instance, and the Circuit Judge, upon the appeal, may determine the

KENNEDY
*vs*
ALDRIDGE.

The statutes of 1838 and 1840, allowing attachments to be issued by Justices of the Peace, (3 *St. Law*, 376-8,) authorizes an appeal to the Circuit Court by either party against whom a judgment might be given.

No jury is necessary in the trial of appeals before the Circuit Ct., from judgments of Justices of the Peace, in atachment cases under the statutes of 1838 & 1840; but if a jury has intervened without objection in the CircuitCourt it is not an available error here.

case as a Chancellor, without the intervention of a jury, though in accordance with the summary nature of the remedy the testimony may be by parol. Indeed, it is obvious in this case, that there was nothing in dispute between the parties, except the question of law, whether the defendant's compensation, received for him by the guarnishee, could be seized and appropriated by the creditor as other choses in action. A jury, therefore, was wholly useless, and the expense of a jury trial an unnecessary, and comparatively a heavy burthen. And the resort to one, against the will of the defendant, would have been improper. But the record indicates that the jury was called by the consent of both parties, and therefore neither can now make an objection on that ground.

It is further objected, however, that it was erroneous to render a judgment against the original defendant, against whom there was already a judgment rendered by the Justice, the enforcement of which was the object of this proceeding. And this error is, as we think, well taken and available. The debtor should not be subjected to two judgments for the same debt. The order should be in the nature of a decree, rather than of a judgment. And after reciting the original judgment, execution and return, and the indebtedness of the person attached, should decree the costs of this proceeding to the plaintiff, and then decree the guarnishee to pay the original judgment, with interest and costs, and the costs of this proceeding, to the plaintiff, provided his debt to the original debtor be sufficient; such payment, when made, to operate as a payment of so much of his said debt.

Wherefore, the judgment is reversed, and the cause remanded, with directions to make a final order or decree in the premises, such as has been just indicated.

*Robertson* for plaintiff: *Goodloe* for defendant.

*When a demand due to a judgm't debtor is attached and made subject, and his debtor ordered to pay it to the first creditor, it is error to render a second judgment against such debtor.*