# Case No. 8,621.

## LYELL v. ST. CLAIR COUNTY.

[3 McLean, 580.][1]

Circuit Court, D. Michigan. June Term, 1845.

COUNTIES — SUIT AGAINST COUNTY — JUDGMENT AGAINST COUNTY—DUTY OF SUPERVISORS—REMEDY AT COMMON LAW — EQUITABLE RELIEF— CREDITOR'S BILL—EXECUTION ON COUNTY PROPERTY.

1. A county is made subject to a suit by an act of the state.

[Cited in Vincent v. Lincoln Co., 30 Fed. 753.]

2. At common law a county was not liable to a suit.

3. On a judgment being obtained against the county, the supervisors are required to levy the amount on the people of the county. And if they shall fail to do this, a mandamus may be issued to compel them.

4. This is a common law remedy, but the object of this bill is to subject certain bonds and

[1] [Reported by Hon. John McLean, Circuit Justice.]

mortgages to the satisfaction of the judgments which cannot be reached by mandamus. The remedy at law, therefore, is not adequate.

5. A creditor's bill may be filed against a county. No objection is perceived why an execution may not be levied on the property of a county.

In equity.

Lee, Stuart & Joy, for complainants.
Mr. Terry, for defendants.

OPINION OF THE COURT. This is a suit in chancery, and is brought by the complainant to subject certain bonds, mortgages and other assets, under the control of the defendants, to the payment of two judgments at law recovered against them. Executions were issued on the judgments, which were returned nulla bona. The defendant demurred to the bill. In the Revised Acts of Michigan of 1846 (page 65), it is provided in the twenty-sixth section, that "whenever any controversy or cause of action shall exist between any of the counties of this state, and between any county and an individual or individuals, such proceedings shall be had either in law or equity, for the purpose of trying and finally settling such controversy, and the same shall be conducted in like manner, and the judgment or decree therein shall have the like effect, as in other suits or proceedings between individuals and corporations." The next section provides, that a suit against a county shall be in the name of "the board of supervisors of the county." At common law a county could not be sued. 2 Term R. 667; 7 Mass. 187; 2 Serg. & R. 371. The thirty-third section provides, that "when a judgment shall be recovered, the board of supervisors shall levy and collect the amount as other county charges." Under this provision it is insisted that the remedy was by mandamus, and not by a bill in chancery. There can be no doubt that a mandamus may be issued to compel, under certain circumstances, a public officer to do his duty. Smith v. Com'rs Portage Co., 9 Ohio, 25; Attorney General v. Utica Ins. Co., 2 Johns. Ch. 371; Johnston v. Supervisors Herkimer Co., 19 Johns. 272.

The grounds of the present bill are to subject, in payment of the judgments, certain bonds, mortgages, &c., held by the county, and which cannot be reached by a mandamus. It is made the duty of the supervisors to levy on the county the amount of the judgment, and this duty may be enforced by a mandamus, but that is not the object of the present bill. It is a creditor's bill, which is authorised and regulated by the statutes of Michigan, and under which this court gives relief. Suits against counties are placed on the same footing, as against individuals, by the statute, so that it would seem a creditor's bill may be filed against the supervisors of a county. The objection that a fieri facias cannot be issued against a county is technical, and is by no means

conclusive of the objection founded upon it. The statute which regulates a creditor's bill, requires a fieri facias to be returned nulla bona before the bill is filed. In other words, this evidence of the inadequacy of a remedy at law is required. But this has been done in the present case, and the objection is, that the writ could not be issued against a county. This is not admitted. A judgment having been legally obtained, it is not perceived why the property of the county may not be levied on. The power given to the supervisors to levy the amount by a tax on the county, is cumulative, and does not necessarily prohibit the ordinary course of the execution, as in case of an individual. In Massachusetts the doctrine is established, that on a judgment against a county or town, the property of any citizen may be taken in satisfaction. 6 Metc. [Mass.] 552. But this doctrine is not sustainable in this state. The imposition of a tax by the supervisors, they being subject to a mandamus, is a more reasonable and just mode. The county being made subject to a suit, no serious objection is perceived, against reaching the rights in question by the ordinary exercise of chancery powers, independently of statutory provisions. The demurrer is overruled.