# Dickinson v. Johnson and Wife.

APPEAL FROM JEFFERSON CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS. REVERSED.

PUBLIC OFFICERS—SUBJECTION OF SALARY TO PAYMENT OF DEBTS—ASSIGNMENT OF FUTURE SALARY—EXEMPTION OF PROPERTY IN WHICH SALARY IS INVESTED—HUSBAND AND WIFE—CONVEYANCE OF PROPERTY TO WIFE—RIGHTS OF HUSBAND'S CREDITORS.

Held: 1. As the Constitution provides that no officer except the governor shall receive a greater compensation than $5,000 per annum, public policy demands that the courts refuse to require any officer to set apart any part of his salary for the payment of his debts; and, therefore, in an action, under Civil Code Practice, section 439, to enforce a judgment, the defendant will not be required to pay into court, for the payment of the judgment, any part of his salary as a public officer.

2. The assignment by an officer of salary to be earned in the future is void, as against public policy.

3 The fact that real estate was purchased by the owner with his salary as a public officer does not exempt it from the payment of his debts.

4. Where property conveyed to the wife was paid for by the husband, it is subject to the payment of his debts; the evidence not being sufficient to show that the relation of creditor and debtor existed between them.

Dickinson v. Johnson and Wife.

W. W. THUM AND STANLEY E. SLOSS, ATTORNEYS FOR APPELLANT.

## POINTS AND AUTHORITIES.

Under the Kentucky Civil Code of Practice, 439, providing that on a return of *nulla bona* an equitable action seeking the discovery of any money, chose in action, equitable or legal interest and all other property to which defendant is entitled and for subjecting the same to the satisfaction of a judgment, the salary of a public officer, even though he be an officer of the State or county, and even though his salary is not liable to attachment or garnishment, may be sequestered by the court and applied in satisfaction of the judgment against him. Stone v. Wheeler, 6 Ill. App., 225; Pendleton v. Perkins, 49 Mo.; 566; Dillon on Municipal Corporations, 101, and notes; 2 Shinn on Attachments, sec. 501; Luthie v. Woods, 1 Mo. App., 171; McDimmitt v. Strong, 4 Johns. Ch., (N. Y.) 690; Lyell v. St. Clair Co., 3 McLean, 580; Furlong v. Thompson, 19 Mo. App., 364; Tarbell v. Griggs, 8 Paige's Ch., 208; Browning v. Bettis, 8 Paige, 568; Smith v. ———, 4 Edward's Ch., (N. Y.) 653; Clark's Ch. Rep., 144, McCoun v. Dorsheimer; Hadley v. Peabody, 13 Gray, 200; Riggan v. Hilliard, 56 Ark., 476; Knight v. Nash, 22 Minn., 452; Whiddon v. Drake, 5 N. H., 13; Bray v. Wallingford, 20 Conn., 416; Newark v. Funk, 15 Ohio St., 462; 5 Ency. Pl. & Pr., p. 446; 5 Ency. Pl. & Pr., p. 393, and cases cited, also p. 409, paragraph 3, and cases cited; Ky. Civil Code of Practice, 439; Hyatt v. Barnes, 5 Dana, 222; Johnson v. Ellis, 12 B. M., 483; Small v. Salter, 3 Met., 260; Farmers' Bank v. Morris, 79 Ky., 157; Robins v. Walker, 87 Ky., 60; Oakley v. Underwood, 14 Ky. Law Rep., 464; Johnson v. Elkins, 90 Ky., 163; Hudspeth v. Harrison, 6 Ky. Law Rep., and many other cases; in 3 Barbour's Digest, p. 544, sec. 23; Rodman v. Musselman, 12 Bush., 354; Stone v. Mayo, 55 S. W., 700; Portsmouth Gas Co. v. Sanford, 45 L. R. A., 246; Roe v. Scanlon, 98 Ky., 24: Hinsdale v. Tilley, 10 Fed. Rep., 799; Teeter v. Williams, 3 B. M., 562; Kennedy v. Aldrich, 5 B. M., 141; Speed v. Brown, 10 B. M., 108; Sinking Fund Comrs. v. Northern Bank of Kentucky, 1 Met., 182; Field v. Chipley, 79 Ky., 260; New Orleans v. Fisher, 91 Fed., 574.

The real estate standing in Mrs. Johnson's name was really bought with the defendant (W. P. Johnson's) money, and the attempt to put the title in her should be adjudged fraudulent and the property sold to satisfy this debt. Lavelle v. Clark, 18 Ky. Law Rep., p. 754; Allen v. Russell, 78 Ky., 108; Adams v. Orear, 80 Ky., 129; Dehoney v. Dehoney, 7 Bush., 217; Brady v. Briscoe, 2 J. J. M., 212; Trimble v. Ratcliffe, 19 B. M., 511; Enders v. Williams, 1 Met., 346; Duhme v. Young, 3 Bush., 342;

Dickinson v. Johnson and Wife.

Lewis v. Taylor, 96 Ky., 556; Hurd v. Bickford, 88 Me., 217; 152 Mass., 289; 2 Pom. Eq. Juris., 749; Trefether v. Lynam, 90 Me., 376; Boggess v. Richards, (W. Va.) 26 L. R. A., 537; Edelmuth v. Wybrant, 53 S. W., 528; O'Kane v. Vinnedge, 55 S. W., 711.

KOHN, BAIRD AND SPINDLE, FOR APPELLEES.

The questions presented for decision on this appeal are:

1. Will a court of equity on a creditor's bill appoint a receiver for a State officer and direct such receiver to collect the salary of the State officer, and out of said salary apply a portion thereof to the maintenance of the officer and the balance to the satisfaction of the creditor's claim?

2. Is a payment of money to or for the use and benefit of one creditor absolutely void and fraudulent as against another creditor, so that it will be set aside and applied for the use and benefit of the complaining creditor?

Neither of these propositions is novel in this State, as contended by the learned counsel for the appellant, and both propositions must be answered in the negative, not only under the decided cases of this State, but under the cases of all the other States. There is no disputed fact in the record, as the only deposition taken was that of the appellee, William P. Johnson. The questions of law, therefore, arise upon his testimony, together with the records filed.

AUTHORITIES CITED.

Ky. Stat., secs. 1762-1764; Art. 2, chap. 54, sec. 1910, et seq.; Constitution, sec. 106; Speed v. Brown, 10 B. Mon., 108; Teeter v. Williams, 3 B. Mon., 562; Divine v. Harvie, 7 Mon., 440; Holmes v. Millauge, 1 Q. B., 551; Lucas v. Harris, L. R., 18 Q. B. Div., 127; Webb v. McCawley, 4 Bush., 8; Tracy v. Hornbuckle, 8 Bush., 336; Rodman v. Musselman, 12 Bush., 356; Tate v. Salmon, 79 Ky., 540; Kennedy v. Aldrich, 5 B. Mon., 142; Allen v. Russell, 78 Ky., 105; Field v. Chipley, 79 Ky., 260; Heilbronner v. Posey, 20 Rep., 156; 5 Ency. Plead. & Prac., sec. 6, pp. 460, 466, and foot note, p. 447; Baird v. Dietz, 11 Rep., 759; Bridgeford v. Keenehan, 8 Ky. Law Rep., 268; Blackburn v. Halley, 9 Rep., 620; Civil Code of Practice, sec. 439; Dillon on Municipal Corporations, sec. 101; 3 Pomeroy's Equity Jurisprudence, sec. 1276, and note; Manley v. Bitzer, 91 Ky., 596; Falkenburg v. Johnson, 19 Rep., 1606; Givens v. Gordon, 3 Met., 539; Wintersmith v. Poynter, 2 Met., 457; Shouse v. Utterback, 2 Met., 52; German Bank v. Jefferson, 10 Bush., 336; Whitehead v. Woodruff, 11 Bush., 209; Matthews v. Lloyd, 89 Ky., 625; Fogarty v.

Dickinson v. Johnson and Wife.

Estes, 7 Rep., 286; Brown v. Carpenter, 5 Rep., 120; New Al-
bany Woolen Mills v. Lewis, 99 Ky., 398; Taylor v. Cooley, 20
Rep., 1365; Leitchfield v. Carpenter, 20 Rep., 1189; Dixon v.
Lyne, 10 Ky. Law Rep., 769; Leavell v. Clark, 18 Rep., 759; First
Nat. Bank v. Lancaster, 12 Ky. Law Rep., 541; Bump. on Fraud.
Conveyances, 269; McCandless v. Rea, 21 Rep., 1687; Morel v.
Haller, 7 Rep., 122; King v. King, 57 N. E., 275.

OPINION OF THE COURT BY JUDGE GUFFY—REVERSING.

The appellee William P. Johnson is, and has been for
several years, clerk of the Jefferson County Court, en-
titled to a salary, payable by the State, amounting to
$5,000 per annum. The other appellee is his wife. Some
time prior to the institution of this action the appellant
obtained a judgment in the Jefferson Circuit Court against
the said William P. Johnson for the sum of $3,313.12,
with interest from August, 1897, upon which judgment ex-
ecution was issued to the proper county, which was re-
turned by the sheriff, in substance, "No property found."
The object of this action is to enforce the collection of
said judgment. The two principal funds or items of prop-
erty sought to be subjected are a reasonable portion of
appellee's salary and certain real estate in Jefferson
county which is alleged to have been purchased and paid
for, to the extent that it has been paid for at all, by the
said William P. Johnson, but that the same was conveyed
to the wife, Emma Johnson, for the purpose of delaying,
hindering, and defrauding the creditors of the said Wil-
liam P. Johnson. It is also alleged in the petition that
William P. Johnson, Jr., a son of the said appellee, and a
minor, is working for a salary of $2,000. The prayer of
the plaintiff, in substance, is for an attachment against
the property of said William P. Johnson, and that he
be compelled to make a discovery of any money, choses
in action, or legal and equitable interests, or any other

property, and the amount of same, and to disclose when
and in what sums and how the salaries of himself and son
are collected, and that so much of the said property be
subjected to the satisfaction of plaintiff's claims as is nec-
essary, and that the real estate and improvements be
adjudged the property of said William P. Johnson, and
that the same be subjected to the satisfaction of his
debt, and that out of his salary he be required to provide
for and pay this judgment, and for all proper and equit-
able relief, general and special. The answer of the ap-
lees, after denying that either Johnson or any of his fam-
ily are living upon or occupying the ground or premises
described in the petition, states, in substance, that the
title to the property was not placed in the said Emma
for the purpose of delaying creditors, and that appellee,
William, should not be required to set apart any of his
salary for the payment of plaintiff's debt. The answer
further avers, in substance, that the salary is paid to him
for services as clerk of the Jefferson County Court, and
that he has no interest or right over any part of the
salary paid to his son William P. Johnson, Jr., or that he
exercises or ever has exercised any right to said salary,
and that he would not have any right so to do. It is then
further stated that, long before the giving of the note
upon which the judgment was rendered, he was indebted
to his wife in the sum of more than $20,000, and long be-
fore the transfer of the land; that he is now county
clerk as aforesaid, and that under and by virtue of the
laws of Kentucky the said salary is exempt from execu-
tion, attachment, or garnishment; that, in part satisfac-
tion of his indebtedness to the said Emma, he did assign
and transfer the salary to be paid to him to her, the said
Emma, and out of said salary so transferred the said

Dickinson v. Johnson and Wife.

Emma made the payments that have been made on the property, etc. It is also claimed that they have been occupying the same as a home, and only temporarily absent. The reply may be considered a complete traverse of all the matters relied on as a defense. Upon final hearing the court adjudged in favor of the appellees, and from that judgment this appeal is prosecuted.

It is the contention of appellee that under no state of case could he be required to set apart any part of his salary for payment of the debt in question. He also contends that he had received, many years before he incurred the debt sued on, a large amount of money from his wife, and that he had a right to pay the same to her, either by an assignment of the salary, or by having the land in question conveyed to her. The appellant contends that, after allowing the said appellee, Johnson, a sufficient amount of the salary to support himself and family in a style commensurate to his surroundings and social position, he should be required to set apart annually, or from time to time as his salary is paid, the surplus, to be applied to the payment of the judgment sued on. Appellant further contends that the money received by appellee from his wife was not an indebtedness of appellee, and that the payment for the real estate in question was in fact and law paid for by or with appellee's money, and therefore the real estate is liable or ought to be subjected to the payment of plaintiff's claim. It is further contended by appellant that the question involved as to the salary has never been passed upon by this court; that the decisions heretofore rendered where parties sought to garnish fees or salaries of officers have no application to the question involved in this case. It is not contended

that the plaintiff could attach salaries in the hands of the
State or its officers, and require the money to be paid
directly to the plaintiff, but it is contended that the court
may lawfully require the appellee to pay into court or to
its receiver, in installments, so much of the salary as is
not necessary for his support as aforesaid. Many au·
thorities are cited by appellant.

We are not aware of any decisions of this court in
which the precise question here presented has ever been
passed upon, nor do we find any statute expressly pro·
viding that officers' fees or salaries shall not be subjected
to the payment of debts against them. But it is very ear·
nestly contended for appellee that various decisions of
this court announce the doctrine that it is contrary to
public policy to so subject the fees or salaries of officers.
But, as before intimated, the appellant contends that
no such rule or doctrine is contained in any of the de·
cisions in this court, and refers us to many decisions
which, as he assumes, sustain his contention. We will
now proceed to notice some of the authorities from States
other than Kentucky relied on in support of appellant's
contention: Pendleton v. Perkins, 49 Mo., 565, is cited.
The court in that case held that, notwithstanding munic·
ipal corporations are exempt by statute from creditors'
bills or garnishment, nevertheless money due the defend·
ants in the city treasury might be subjected by proceed·
ings in equity for the payment of plaintiff's claim. But
from the opinion in this case we find that the debtor
was not an officer. And it seems that, even in the ab·
sence of such statute, it has been held that towns and
cities could not be garnished for a sum due an officer as
part of his salary. Fortune v. City of St. Louis, 23 Mo.,
239; Hawthorn v. Same, 11 Mo., 59. The court further

said: "Public policy forbids creditors from thus step-
ping in between the city and its public servants; and a
statute, in seeking to prevent any future attempt in that
direction, went much further, and included all kinds of
liabilities, so that a debtor's funds, if in the hands of a
municipal corporation, are placed beyond the reach of
his creditors by statutory garnishment." The court, how-
ever, held in this case that the funds of the debtor were
not exempt simply because the same are placed in the
city treasury, or under the control of the city. Dill.
Mun. Corp., section 101, is also cited, together with the
notes. We are unable to see that either the author or
the notes sustain appellant. The weight of authority re-
ferred to by the writer, as well as his own opinion, seems
to be, even in the absence of statute, that municipalities
are not subject to garnishment for the salaries of its
officers. The case of Luthy v. Woods, 1 Mo. App., 167,
holds that, although a municipality is not subject to
garnishment, a debt due from it to a debtor may be
reached by proceedings in equity, and subjected to the
payment of plaintiff's claim, although the municipality is
not subject to garnishment. But it does not appear in
this case that the debt there subjected was the salary
of an officer. We are unable to see that the opinion in
McDermutt v. Strong, 4 Johns. Ch., 690, has any bearing
upon the case at bar. In Lyell v. Board, 3 McLean, 580,
Fed. Cas. No. 8,621, the plaintiff sought to subject cer-
tain bonds, mortgages, and assets under the control of
defendants for payment of two judgments at law recov-
ered against them. The court below sustained a de-
murrer, but the supreme court reversed the judgment,
and, after a discussion of the questions involved, from
which it appears that under the statute of Michigan the

Dickinson v. Johnson and Wife.

county might be sued, said: "The county being made subject to a suit, no serious objection is perceived against reaching the rights in question by the ordinary exercise of chancery powers, independently of statutory provisions." It appears from the opinion in Furlong v. Thomssen, 19 Mo. App., 364, that the court held that a debt due by a municipal corporation to its creditor may, by a creditors' bill, be subjected to the satisfaction of judgment against the latter. In this case it appears that the debt due Thomssen was for erecting an engine house for the city. In Browning v. Bettis, 8 Paige, Ch., 568, it is, in substance, held that the salary or compensation to become due at a future time for the performance of services which had not been completed at the time of filing the bill could not be reached by a creditor's bill. But where all the services, to entitle defendant to his salary or compensation, had been rendered at the time of filing the complainant's bill, such salary or compensation may be reached by the creditor, although it had not become actually payable when the bill was filed. It seems that the defendant in this case was a census taker. It was decided in McCoun v. Dorsheimer, 1 Clarke, Ch., 144, that the unearned salary of an officer can not be reached by creditors' bill, but so much of the salary as is earned and due at the time of the filing of the bill may be subjected. The same doctrine announced in the case, *supra*, is reaffirmed in Smith v. ———, 4 Edw. Ch.,653. The object there sought was to subject one quarter's salary of one of the judges of New York City. It may be inferred from the decision in Hadley v. Peabody, 13 Gray, 200, that the Supreme Court of Massachusetts sustains the doctrine announced in the foregoing opinions. The Supreme Court of Arkansas decided in Riggin v. Hilliard, 56 Ark., 476, (20 S.

Dickinson v. Johnson and Wife.

W., 402), that (we quote from the syllabus), "While a county is not subject to the ordinary process of garnishment, yet, in equity, when the interest of the public will not be injuriously affected, the claim of an insolvent creditor of the county may be subjected, by sale or compulsory assignment thereof, to the payment of his debts." The demand sought to be subjected was a debt due from the county to the defendant for repairing the court house. The court, in the opinion, said: "The courts commonly concur in holding that public policy forbids any interference between the county and its contractor under such circumstances if the work is still in progress, for the interference would tend to retard the occupancy of the building." The court, in discussing the fact that the county could not be sued, recognized the doctrine to be that a county was not subject to garnishment, and in referring to the case of Boone County v. Keck, 31 Ark., 587, said: "It was a suit directly against the county. The plaintiff's judgment debtor was not a party to it, and the only relief asked was against the county. In the case at bar the plaintiff's debtor is the party against whom relief is sought, and the county is not sued. Therein lies the cardinal difference between the cases. The complaint states a cause of action against Hilliard, and shows a right in the plaintiff to subject the debt due by the county to the satisfaction of his demand. That can be accomplished under proper orders of the court, as by a sale or compulsory assignment of the debt for the purpose of applying the proceeds to the satisfaction of any judgment which the plaintiff is entitled to recover." In Knight v. Nash, 22 Minn., 453, the Supreme Court of Minnesota held (quoting from the syllabus) that: "A debt due from a municipal corporation to a judgment debtor, even though

·denied by the corporation, may be reached by a final order
upon disclosure, directing the transfer of the claim, and
.appointing a receiver to collect it for the benefit of the
creditor. The rule that a debt due from a municipal cor-
·poration can not be reached by process of garnishment
has no application to an order of this character." The
·debt sought to be subjected in this case was not due as
.salary or fee. We fail to see that the case of Whidden
v. Drake, 5 N. H., 13, has any application to the case at
bar. The supreme court of Connecticut, in Bray v. Town
of Wallingford, 20 Conn., 416, held that a town is subject
to the process of attachment in a suit brought against
its creditor. The supreme court of Ohio, in City of New-
ark v. Funk, 15 Ohio St., 462, decided that salaries of
officers of incorporated cities, due and unpaid, might be
.subjected by judgment creditors of such officers to the
payment of such judgments, under the provisions of the
Code of Civil Procedure. The Code provision referred
to is substantially the same as the provision of the Ken-
·tucky Code in regard to the enforcement of judgments.
.2 Chinn. Attachm., section 501, is cited by appellant, but
the doctrine there announced does not seem to be differ-
·ent from that announced in the opinions, *supra*.

This action is assumed to be authorized by section 439,
·Civil Code Practice, Kentucky, which we deem it unnec-
·sary to quote. The appellant refers us to numerous de-
·cisions of this court in support of his contention which
·we have carefully examined, but deem it unnecessary to
·refer to in detail, but will only refer to such as we think
necessary. It was held in Field v. Chipley, 79 Ky., 260,
that a contract by which the clerk of the Louisville
·Chancery Court transferred and assigned to a trustee,
.for the benefit of appellant, in consideration of a debt

Dickinson v. Johnson and Wife.

due him, all the fees and emoluments of his office in the
future, until the debt was paid, with conditions to pay
deputies, etc., was void. It is against public policy that
such contracts should be enforced. That the auditor has,.
under the statute, the right to look to the clerk for taxes
on suits collected by him. The trustee will not be rec-
ognized as the person to receive them. In Johnson v.
Elkins, 90 Ky., 163, (13 S. W., 448), (8 L. R. A., 552), it was
held that when pension money was invested in land the
land was subject to the debts of the pensioner. This
proposition has been so often and so recently decided
that any further reference to the same is unnecessary.
It may be remarked that it was decided by this court in
Hudspeth v. Harrison, 6 Ky. Law Rep., 304, that pension
money is exempt only until it reaches the hands of the
pensioner. In Rodman v. Musselman, 75 Ky., 354, it was
held that salaries of officers of towns and cities may be
attached and subjected to the payment of their debts;
but the salary of a State officer can not be attached, be-
cause the State, being a necessary party, can not be sued.
It is otherwise as to a town or city. Stone v. Mayo,
(Ky.) 55, S. W., 700, is referred to. The opinion in this
case holds that the auditor might withhold money due
a circuit clerk on account of the clerk's official indebt-
edness on account of unconstitutional payments made to
him as clerk during a former term of office; the action of
the auditor being based upon section 4701, Kentucky Stat-
utes. It was said in the opinion that there seemed to
be no reasons of public policy which would preclude the
auditor from so withholding the former indebtedness of
the clerk to the Commonwealth. It may be conceded
that this court, in Teeter v. Williams, 42 Ky., 562, in sub-
stance decided that the plaintiff, by the aid of the chan-

·cellor, could attach whatever might be due his debtor
for labor already performed, and he might attach what-
·ever might become due upon an existing contract for his
future labor. But neither the creditor nor chancellor
·could compel him to work out his part of the contract,
so as to earn the promised reward for the exclusive use
·of his creditor. In the case of Kennedy v. Aldridge, 44
Ky., 141, it appears that Robinson, by the authority of
Kennedy, had drawn $50 as his compensation, as one of
the commissioners of Garrard county, for taking in the
lists of taxable property. The court below held that the
money in Robinson's hands was subject to the attachment.
In passing upon this question, this court said: "It is
·contended, on the authority of the case of Divine v. Har-
vie, 7 T. B. Mon., 439, that the fund now in question, be-
ing the compensation payable by the State to a public
·officer or agent, should be protected until it reaches the
hands of the officer or agent. But this case differs essen-
tially from the one referred to, in the fact that in that
case the money attempted to be appropriated to the sat-
isfaction of the creditor's demand remained in the treas-
·ury, whereas in this it has been paid to the authorized
·agent of the person entitled to receive it from the State.
'The objection that the act authorizing the attachment and
subjection of the debtor's choses in action does not include
his debts due from the State does not, therefore, apply
in this case." We have examined the case of Speed v.
Brown, 49 Ky., 108, but the doctrine therein announced
is in accord with other decisions noticed; hence we need
not restate the same proposition.

The appellees cite numerous authorities in support of
their contention, which we have examined at great length.
It may be taken as well settled that in the case of jailers,

school commissioners, and school teachers, their salaries should not be subjected to the claims of creditors, for reasons given in the several opinions. The opinions chiefly rest upon the ground of public policy,—that the salaries are necessary to enable those officers to discharge the duties resting upon them. It is not the contention of appellant that he can, by an ordinary attachment of garnishment, subject the salary of appellee, nor appropriate the whole of it to the payment of his claim. It is the contention of appellant that the proof in this case shows conclusively that $3,000 per annum is amply sufficient to support the appellee in the style in which he moves, and sufficient for an ample support commensurate with his social position; and it is argued that a court of equity has the power, and that it ought, by appropriate orders, to compel the appellee to set aside from time to time a reasonable portion of his salary for the payment of plaintiff's claim. It may be conceded that there is some conflict of authority upon this question. It does not seem to have ever been directly passed upon by this court. Nor do we deem it necessary to now decide as to the power of a court of equity to make such orders as are contended for by appellant. Undoubtedly, one of the objects in allowing to officers fees or salaries is for their support, and to enable them to discharge the duties of office; but we are not inclined to the opinion that it was the intention of the lawmakers to limit such compensation to the actual necessaries of life, but, rather, that it was intended to allow such officers compensation commensurate with the official duties and responsibilities devolving upon them. And inasmuch as most men desire to accumulate something, and the public commends such desire, we think it not unreasonable that the lawmakers intended that the

officers might have like opportunities. Under our pres-
ent Constitution, no officer except the Governor is allowed
a greater compensation than $5,000 per annum. This
being true, we think public policy demands that the courts
refuse to require any officer to set apart any part of his
salary for the payment of his debts. The judgment of
the court below is therefore affirmed in respect to this
question.

It is, however, earnestly contended for appellant that
the real estate mentioned in the petition should be held
subject to plaintiff's claim, while it is equally as earnestly
contended for appellee that he has a right to assign his
salary to his wife, or to have the land in question deeded
to her, and especially so for the reason that he had re-
ceived large sums of money from her in the past, and that
he desired to pay the same. That he did receive such
large sums of money from her is clearly proven in this
case. We have already referred to the decision holding
the assignment of fees to be void and against public
policy. It has been repeatedly decided by this court that
pension money received by a pensioner and invested in
real estate can be subjected to the demand of an ante-
cedent creditor, and it would be entirely inconsistent with
such a rule to hold that officers' fees or salary invested
in real estate should be exempt from antecedent debts,
even if we were deciding—which we are not—that an offi-
cers' fees or salary are exempt by statute from the debts
of the officer. It is further suggested for appellee that,
even if the debt due his wife was barred by the statute
of limitation, he had a right to waive that statute and pay
the debt, which he undoubtedly did have, if such a debt
existed, and its payment was not prejudicial to the rights
of another. After a careful consideration of the law and

facts, we have reached the conclusion that the relation of creditor and debtor did not exist between the appellees at the time of the purchase and conveyance of the real estate in question. It therefore follows that the conveyance to Mrs. Johnson was without consideration and void as to creditors, and that the court erred in refusing to subject the same to the payment of plaintiff's claim. The judgment to that extent is therefore reversed, and the cause remanded, with directions to adjudge the real estate subject to plaintiff's claim, and for proceedings consistent herewith.