FIRST NATIONAL BANK OF COLUMBUS, NEBRASKA, V. STATE
OF NEBRASKA, EX REL. WILLIAM O'BRIEN ET AL.

FILED APRIL 9, 1903. No. 12,740.

**Assignment of Salary.** An assignment of salary or fees of a public
officer to be earned in the future is contrary to public policy and
void.

ERROR to the district court for Platte county: JAMES
A. GRIMISON, DISTRICT JUDGE. *Affirmed.*

*James L. Reeder* and *R. W. Hobart,* for plaintiff in
error.

*William O'Brien, contra.*

POUND, C.

This case must turn upon the validity of four several
assignments given by the relator to the plaintiff in error,
intervener in the court below. Relator was county at-
torney of Platte county. The assignments were executed
and delivered on April 23, May 1, May 2 and June 6, 1901,
and purport to assign salary to be earned by relator during
the year 1902. More exactly, they direct the county clerk
to deliver warrants to be issued in 1902, for salary to be
earned during that year, to the plaintiff in error. It
would be difficult to find a proposition more thoroughly
established in the reports than the invalidity of such trans-
actions. An assignment of the salary or fees of a public
officer to be earned in the future is contrary to public
policy and void. *Bliss v. Lawrence,* 58 N. Y. 442; *Bowery
Nat. Bank of New York v. Wilson,* 122 N. Y. 478, 25 N.
E. 855; *Bangs v. Dunn,* 66 Cal. 72, 4 Pac. 963; *National
Bank of El Paso v. Fink,* 86 Tex. 303, 24 S. W. 256; *State
v. Williamson,* 118 Mo. 146, 23 S. W. 1054; *Township of
Wayne v. Cahill,* 49 N. J. Law 144, 6 Atl. 621; *Schwenk v.
Wyckoff,* 46 N. J. Eq. 560, 20 Atl. 259; *Schloss v. Hewlett,*
81 Ala. 266, 1 So. 263; *Field v. Chipley,* 79 Ky. 260; *Steven-*

*son v. Kyle,* 42 W. Va. 229, 24 S. E. 886; *Dickinson v. John-son,* 110 Ky. 236, 61 S. W. 267; *State v. Barnes,* 10 S. Dak. 306, 73 N. W. 80.   An assignment of a current quarter's salary before expiration of the quarter, as in *Brackett v. Blake,* 7 Met. (Mass.) 335; *Manly v. Bitzer,* 91 Ky. 596, 16 S. W. 464, might be another thing, although the court considered such an assignment void in *Stevenson v. Kyle, supra.*   In the case at bar the assignments were made before any of the salary assigned had been earned, and were clearly invalid.

We therefore recommend that the judgment be affirmed.

BARNES and OLDHAM, CC., concur.

By the Court:   For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.