JUDGE PETERS
delivered the opinion op the court:
After the return of an execution issued upon a judgment of the Harrison circuit court in favor of appellee against I. N. Webb and others, indorsed no property-found, to satisfy the same by the proper officer, this petition was filed by McCauley, the plaintiff in said execu *9 tion, against said Webb, Frazier, sheriff of Harrison cpunty, Boyd, the county attorney, Roberts, a deputy sheriff, and J. O. Hodges, alleging in substance that said Webb was the jailer of Harrison county, and, on the 13th of April, 1868, he presented an account for two hundred and nineteen dollars and fifty cents to the county court thereof, for official services rendered by him, which was allowed by the court, and ordered to be paid out of any money on hand; that said sheriff, or his said deputy, or Boyd, the county attorney, had in their hands, or some one of them had funds in his hands, belonging to said Webb, or in which he had an interest, which he prayed the court to subject to the payment of his debt.
In an amended petition, he alleges that the claim of two hundred and nineteen dollars and fifty cents of Webb on the county was assigned by him, before the institution of this suit, to J. O. Hodges, for which Hodges paid nothing, and is under no obligation to pay anything, and that it was made by Webb to hinder, delay, and defraud his creditors.
The sheriff says it is his duty to pay the claim; that he has the money, and is ready and willing to pay the same as the court may direct.
Webb denies that he made the assignment to Hodges for the fraudulent purpose charged ; admits his insolvency, and says he is unable to furnish fuel and other supplies for the court-house and county prison, which, by virtue of his office of jailer, he is required to provide, except by the fees of his office; and to enable him to procure the necessary supplies, and to perform his duties, Hodges advanced him money from time to time, and promised to continue to do so, to be remunerated out of the fees of his office; and he made the assignment in consideration *10 of said advancements to him, and of the promise by Hodges to continue them.
Hodges admits Webb made an assignment to him of all his claims against the county of Harrison, and files the writing evidencing it, of date 19th December, 1867, but denies that it was made without consideration, or accepted by him with any purpose to aid Webb to carry out any fraudulent intent; that he, as jailer, at times needed advancements in anticipation of his fees to enable him to meet the expenses of his office, and in order to secure himself for advancements which he was willing to make in cash to Webb, for the purposes named, the assignment, as expressed by the said writing, was made; but when the claim of two hundred and nineteen dollars and fifty cents was allowed and ordered to be paid, Webb owed him nothing.
Upon these pleadings, and the exhibits filed, the court below adjudged that appellee’s attachment be sustained, and that Hodges collect the two hundred and nineteen dollars and fifty cents, less fifteen dollars, and pay the same over to him, and for which Webb should have a credit on his indebtedness to McCauley; and to reverse that judgment Webb prosecutes this appeal.
The money ordered by the county court to be paid to Webb was, wffien this action was instituted, still in the hands of the sheriff of the county, who was the depositor or agent of the court, nor did the right to it pass by the assignment to Hodges, for that assignment is dated December 19, 1867, four months before this claim was allowed, and before the services were rendered or any articles were furnished, as appears on the account filed, and by the terms of the assignment it only embraced the claim of Webb against the county to its date, which claim, *11 as is therein stated, then amounted “to one hundred and thirty dollars or thereabouts.”
The question then is, can this claim, under section 474 of Civil Code, be subjected in equitjr to the satisfaction of appellee’s debt?
It is contended that the language of this section is broader and more comprehensive than that of the act of 1821, to subject equitable interests and choses in action to the payment of debts. (1 Morchcad & Brown's Digest, 302.) The language of this act is not identical with the section referred to ; but, with the exception that the words “for the discovery of any money f are inserted in that section, and omitted in the act, there is no essential difference; and that omission is not material in the determination of this case, as the discovery of money in possession of the debt- or, and its application as such, to the satisfaction of the debt, are not in issue. Was it intended by this section to put the debts owing by a county to its jailer on the same footing with the debts of individuals to him, to be subjected to the payment of his debts?
Jailers are county officers,'required to perform certain duties prescribed by law, and which are necessary for the holding of courts in their respective counties. In order that justice may be administered, and the laws executed, these duties cannot be performed without the expenditure of money in various ways for supplies, and not unfrequently for services of others, in addition to those which the3r can render personally. In order to enable them to provide the things required of them, and to pay them for their labor, the law authorizes them to make out certain charges against their counties, which the count3'- courts are to allow and provide for their payment; provision is also made for the payment of certain charges authorized by law, out of the State Treasury, to jailers.
*12 Those who have not the means on hand or cannot otherwise procure the necessary supplies, get them, as is shown in this case, on the faith that they will pay for them on the payment of their fees and charges against the county and State, or both, or by advancements by some friend in consideration of an assignment of the fees of the office in anticipation ; and if they can be reached in the hands of the county treasurer or agent, and applied to the payment of debts arising out of totally different transactions, it must result disastrously to the public interests; and hereafter, in the selection of jailers, the extent of their fortunes would become a consideration of more importance than superior qualifications and moral fitness. Public policy, therefore, stands opposed to the construction of the section supra contended for.
If this fund, while it is in the hands of the sheriff, who is the agent of the county court or quasi treasurer, can be reached, and by the chancellor applied to the satisfaction of appellee’s debt pro tanto, why can he not reach and make a like appropriation of the claim of Webb on the State for services performed by him, and which the State is legally bound to pay, after the Auditor has examined the same and issued his warrant on the Treasurer for the payment thereof to the satisfaction of the residue of the debt? If he cannot in the one case, he should not in the other. The paramount and controlling reason for the ruling in the case of Divine vs. Harvie (7 Mon., 439) applies to the present case — in analogy and principle they ■are the same; and there has been legislative and judicial acquiescence in the construction of the act of 1821, supra, and the law as expounded in that case, for forty years. We do not concur in the suggestion that the ruling in that case has been changed by section 474, Civil Code. *13 Such change would scarcely be made without an express provision and reference to claims of this character.
This case differs from Kennedy vs. Aldridge (5 B. M., 145), in the important fact that here the money was, at the institution of the suit, in the hands of the agent of the county court, and not of Webb — there the money was paid by the State to the agent of its creditor.
Wherefore, the judgment is reversed, and the cause remanded, with directions to discharge the attachment and dismiss the petition to the extent that the allowance to Webb by the Harrison county court of two hundred and nineteen dollars and fifty-six cents is sought to be applied to the payment of appellee’s claim.