## G. B. CONNELLY *v.* T. WEBSTER.

**Prisons—Guards.**
> If a jailor can not procure the services of proper guards upon the terms prescribed by law, he should report such fact to the county judge.

**Prisons—Guards—Payment.**
> It is not the duty of a jailor to pay persons employed as jail guards.

**Prisons—Guards—Payment.**
> Where a jailor voluntarily paid jail guards for their services, he thereby becomes purchaser of their claims against the county, and receives the amount due them as their assignee, and not in his capacity as jailor.

**Attachment—Property Subject to.**
> Money received by a jailor as assignee of the claims of jail guards is attachable and subject to payment of the debts of the owner even though he be the jailor.

### APPEAL FROM KENTON CHANCERY COURT.

January 15, 1873.

OPINION BY JUDGE LINDSAY:

It was not the duty of the appellant as jailor of Kenton County to pay the persons employed as jail guards for their services. If he could not procure the services of proper guards upon the terms prescribed by law, he should have reported that fact to the county judge.

When he voluntarily became paymaster to the guards, he merely made himself the purchaser of their claims against the county, and he receives the amounts due them respectively as their assignee, and not in his capacity of jailor.

Such funds are not exempt from attachment, but may be subjected to the payment of the owner's debt, although he be a jailor.

The principles governing the cases of *Webb v. McCauley,* 4 Bush 8, and *Divine v. Harvie, 7* Monroe 439, do not apply in a case like this.

Judgment *affirmed.*

*Hallam & Hallam, for appellant.*

*Frisks, for appellee.*