W. E. CLARK *v.* A. LEE'S ASSIGNEE, ET AL.

**Public Schools—Principal of a Public School.**
> The principal of the public schools of the city of Paris is an employee of the state, and the money in the hands of the officers of said city for school purposes is public money held by the officers as agents of the state.

**Common-School System.**
> The state has undertaken to maintain a system of common schools and this is a state system.

**Pay of Teachers—Attachment.**
> The state must be allowed without interference by creditors to employ and pay teachers, and the amount due from the state to its teachers cannot be reached by attachment.

APPEAL FROM BOURBON CIRCUIT COURT.

November 23, 1875.

OPINION BY JUDGE LINDSAY:

In the matter of managing and supporting the common schools established within its territorial limits, the city of Paris acts in its political capacity. It is a part of the machinery of the state government, by and through which the system of common schools, established by the institution, is maintained.

It is immaterial whether in strict law, the appellant, who is the principal of the public school of the city of Paris, is or not an officer. He is an employe of the state. The moneys in the hands of the officers of the city of Paris, set apart by law for school purposes, are public moneys, and are held by those officers as agents and representatives of the commonwealth; and this is the case as well with the moneys received by special taxation in the municipal-

ity of Paris, as that turned over to its officers by the school commissioner of the county of Burbon.

The state has undertaken to maintain a system of common schools. To do this, it must be allowed, without interference by creditors, to employ and pay competent teachers. The amount due from the state to the teacher of a public or common school cannot be reached by attachment. *Tracy & Loyd v. Hornbuckle & Wife,* 8 Bush 336.

The funds attached in this case are school funds, and they were attached in the hands of an officer set apart by law, to hold and disburse them in accordance with law. The attachments should have been discharged. Judgment *reversed* and cause remanded for a judgment conformable to the views herein expressed.

*Brent & McMillan, for appellant.*
*Buckler & Paton, for appellees.*