CASE 65—PETITION EQUITY—APRIL 23.

# Heilbronner, Etc. v. Posey, Etc.

### APPEAL FROM HENDERSON CIRCUIT COURT.

1. PUBLIC OFFICERS—SUBJECTION OF SALARY TO DEBTS.—It is against public policy to permit the salary of a county official to be subjected to the payment of his debts where the services of such official are absolutely necessary for the proper administration of public affairs.

CLAY & CLAY FOR APPELLANT.

1. The appellee, beyond a doubt, has a right of action against the county for the recovery of his salary, and if he had assigned part thereof to appellant, there is no doubt but that she might have enforced the collection thereof as against the county; then what principle of law or equity will exempt the county from the process of garnishment?

2. But the right to object to this process of garnishment is a privilege personal to the municipality itself and can not be urged by the debtor alone. Shinn on Attachments and Garnishments, vol. 2, sec. 502.

3. The allegation of appellee's answer that the money is necessary to enable him to discharge the duties of his office is not only denied and unproven, but the duties of his office, as prescribed by law, show the same to be totally without foundation; therefore the rule of law forbidding the subjection of the salaries of public officials to the payment of their debts, because the same is necessary to support their families and to enable them to discharge their public duties, has no application to the facts in this case.

S. B. & R. D. VANCE FOR APPELLEES.

1. Public policy forbids the subjection of the salary of a public official to the payment of his debts; his salary must be used by him in the support of his family, and if taken from him, he will leave the public service and refuse to perform his public duties. Harvey

v. Divine, 7 Mon., 439; Tracy & Lloyd v. Hornbuckle, 8 Bush, 336; Webb v. McCauley, 4 Bush, 8; Allen v. Russell, 78 Ky., 105.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

This action is on a return of "no property found," and by which it is sought to subject an allowance made by the fiscal court of Henderson County to the appellee, Thomas Posey, to the payment of a judgment. The allowance was made to Posey as salary for services rendered as county superintendent of common schools for Henderson County.

The question presented is whether his salary can be subjected to the payment of the judgment in an equitable proceeding under section 439, Civil Code of Practice. Under our system of laws, regulating the common schools, the services of a county superintendent are absolutely necessary for the proper administration of the common school law in the various counties in the State. In fact, under the law, common schools could not be carried on except through a county superintendent of common schools.

The salary paid a county superintendent is to compensate him for his services as such. If he can not appropriate that salary to the support of himself and family, if he has one, it should be conclusively presumed that he is unable to discharge his public duties.

We are of the opinion that it is against public policy to allow the appellee's salary to be subjected to the payment of the appellant's debt.

We think the reasoning of the court in Divine v. Harvie, 7 Monroe, 444, sustains our conclusion because the court did not only decide in that case that the State could not be sued, but it said: "This class of debts, or choses in

action, if such they can be called, were not intended, and that without express direction, the courts of equity ought not to bring such contracts of the State to the same footing with other contracts and debts."

It was held in Allen v. Russell, 78 Ky. 105, that the salary of a common school teacher could not be subjected to the payment of a debt. The court said: "The fund attached in the hands of Bowman, being compensation due to Allen from the Commonwealth for teaching a common school, was not subject to attachment. Officers of the State, intrusted with the funds of the State for public purposes, are not subject to garnishment, nor can the compensation of a teacher employed in the service of the public in teaching a common school be attached. The Commonwealth has undertaken to establish and carry on at public expense a system of common schools, and can not permit the wages of teachers in such schools to be intercepted, whereby it may be deprived of their services, and the efficiency of the system may be impaired."

If the salary of a common school teacher can not be subjected to the payment of a debt, certainly, the salary of a county superintendent of common schools ought not to be.

The judgment is affirmed.