## Dodd v. Burnett.

Dodd v. Burnett.

(Decided November 3, 1916.)

## Appeal from McCracken Circuit Court.

Attachment—Public Officer—Registrar of Vital Statistics—Fees.— The local registrar of vital statistics is a state officer and his fees, while in the hands of the treasurer of the county, are not subject to attachment.

HENDRICK & NICHOLS and BERRY & GRASSHAM for appellant.

L. B. ALEXANDER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Granting appeal and affirming.

The question presented on this appeal is whether or not fees due to the local registrar of vital statistics are subject to attachment.

The question arises in the following way: Plaintiff, S. W. Dodds, sued C. P. Burnett on an open account and obtained a general order of attachment, which was served on the judge of the McCracken county court and required him to answer as garnishee on behalf of the county. The defendant pleaded that the money attached was fees due for services rendered by him as local registrar of vital statistics for the district composed of McCracken county, and that such fees were exempt from attachment on the ground of public policy. This contention was upheld by the trial court and the attachment discharged. Plaintiff has moved for an appeal.

The local registrar of vital statistics is appointed by the State Board of Health. Section 2062a, subsection 4 of the Kentucky Statutes. He receives a fee of twenty-five cents for each birth or death certificate made out and registered with or reported by him. Such fees are payable by the treasurer of the county in which the registration districts are located. Section 2062a, subsection 20 of the Kentucky Statutes. The local registrar is, therefore, a state officer.

It has long been the settled rule in this state that the fees, salary or compensation of a public officer, in the hands of the disbursing officer of the state, are not subject to garnishment or attachment. Webb v. McCauley, 4 Bush 8; Allen v. Russell, 78 Ky. 105; Bridgeford v.

Keenehan, 8 R. 268; Dickinson v. Johnson, 110 Ky. 236, 61 S. W. 267, 54 L. R. A. 566, 96 Am. St. Rep. 434; Sanders & Walker v. Herndon, et al., 93 S. W. 14, 29 R. 325. In support of this rule two reasons are assigned: (1) The state cannot be sued; (2) the state is entitled to the free and unhampered labor of its officers, and if they were permitted to be harassed by attachment or garnishment proceedings, it would interfere with their efficiency and seriously cripple the public service. The salaries of officers of municipal corporations are excepted from the general rule, on the ground that a city may be sued at law or in equity. Speed v. Brown, 10 B. Mon. 109; Rodman v. Musselman, 12 Bush 354, 23 Am. Rep. 272; Bridgeford v. Keenehan, *supra.*

It is suggested by counsel for plaintiff that there is no more reason for exempting the salaries of state officers from attachment on the ground of public policy than there is for exempting the salaries of municipal officers. However this may be, we are not disposed at this late day to change the rule, which has been sanctioned by the courts and acquiesced in by the legislature for a period of about fifty years. It follows that the attachment was properly discharged.

Wherefore, the appeal is granted and the judgment affirmed.