## B. B. Wilson Company v. Van Diver et al.

(Decided June 7, 1929.)

MORRIS & JONES for plaintiff.

J. W. CAMMACK, Attorney General, and CLIFFORD SMITH, Assistant Attorney General, for defendants.

OPINION OF THE COURT BY JUDGE DIETZMAN—Overruling motion.

In this action on a promissory note and an open account, plaintiff had an attachment issued and served upon the state highway commission, auditor of public accounts, and state treasurer, as garnishees. The purpose of the attachment was to attach in the hands of these state officials certain funds which the plaintiff claims were due the defendant in part payment for work he had done on state highways under contracts with the state highway commission. In due course of time, the defendant moved the trial court to discharge this attachment. On the hearing of this motion, the trial court sustained the grounds of the attachment, but discharged it

on the theory that neither the commonwealth nor its officers above mentioned could be summoned or made to answer as garnishees, nor could any funds due the defendant from the commonwealth be thus impounded. The plaintiff, pursuant to section 270 of the Civil Code of Practice has moved the reinstatement of this attachment. Section 231 of the present Constitution reads:

> "The general assembly may, by law, direct in what manner and in what courts suits may be brought against the commonwealth."

This section appeared as section 6 of article 8 of the third Constitution, as section 6 of article 6 of the second Constitution, and as paragraph 4 of article 8 of the first Constitution.

The earliest case involving the present question and construing this section common to all of our Constitutions to which our attention has been called is that of Divine v. Harvie, 7 T. B. Mon. 439, 18 Am. Dec. 194. In that case, the facts were that the Legislature, in the ordinary appropriation bill, had allowed and appropriated to Roger Divine the sum of $252.50 for cutting and piling wood for the House of Representatives during that session. Harvie, a creditor of Divine, after securing a judgment against Divine for his debt, had an execution issued upon it. The execution was returned "No property found." Thereupon Harvie brought his equitable action to subject Divine's appropriation to his judgment. He made Divine, the auditor, and treasurer of the state, parties defendant to his suit, with the prayer that these state officers be required to pay over to him so much of Divine's appropriation as was necessary to discharge his judgment. The lower court granted Harvie the relief he sought. On appeal, the judgment was reversed. In the course of the opinion we said:

> "It seems to be conceded on all hands, that the State can not be made a party defendant, and is not suable in her own courts.
>
> "Although the constitution has declared, that 'The General Assembly shall direct by law in what manner and in what courts suits may be brought against the commonwealth,' yet that body has never complied with this direction; but has hitherto kept in their own power the granting of justice to creditors of the State on petition. This voluntary grant

of the State to individuals is the only judgment and execution to which the State is subject. Whatever, then, the claims of Divine may be against the State, and however clearly they may be acknowledged, the State can not become a garnishee; and we can not suppose that this act, granting jurisdiction to the chancellor, was intended to make the State suable.

"Nor do we conceive that the Auditor and Treasurer are proper parties to the controversy; or that they can be used as a substitute for the State. They are not officers appointed to defend the interest of the State generally, although by special act of assembly they may be used as such. The attorney general has more claims to the general appointment, to defend the rights of the State.

"The only analogous case, in our recollection, which might be supposed to give color to the rights of making the Auditor and Treasurer parties, when the State could not be sued, is that of Osborn v. United States Bank, 9 Wheat, 738 (6 L. Ed. 204). But the analogy between the cases fails in an important particular. In that case, under an act of the general assembly of Ohio, the Auditor issued his warrant, to an officer of his own appointment, to seize and take by distress, from the Bank of the United States, or one of its branches, a sum of money assessed by an act of the legislature on the branch, as a tax due the state for exercising the corporate franchise within the state. The officer so appointed executed the warrant, took $100,000, and deposited it with the treasurer, who received it, and the bill brought by the bank with injunction, made the auditor, the officer of distress, and treasurer, parties, restraining further attempt to execute the act of the legislature, and praying a restoration in specie of the sum already taken. It was objected, that the state was not suable; that it was a controversy between the bank and the state substantially; and of course, that the suit would not lie. It was ruled by the court, that if the state had been liable to suit, the bank would have had its election, to sue the state, or her agents, who had become liable, by attempting to execute a void act under which they could not justify; and of course as the state could not be sued, her exemption did not defeat the cause of action against the agents, that they, by executing a

void act, were personally liable, and by reason of that personal liability, they were proper parties, and therefore the proceedings against them might be sustained without joining the state, just as the actual trespasser, who commits his trespass at the command of another, may be made responsible alone, without uniting the person who gave the command.

"In this case, there is a total want of personal liability on the part of the auditor or treasurer. There is no claim against them as individuals; and as officers, they are not appointed to defend for the state, and of course there is a total defeat of parties here as garnishees, or stakeholders of the fund, which the chancellor is called upon to subject."

In the later case of Tracy & Loyd v. Hornbuckle, 8 Bush, 336, which holds that the funds of a school teacher cannot be attached in the hands of a school commissioner, we said:

"Such funds were due from the state to one of its employees, and, as the state cannot be sued nor made a garnishee, parties will not be allowed to evade this inhibition by ignoring the state in their suits and proceeding directly against the public officer having the custody of the moneys sought to be reached."

In the case of Tate, Treasurer, v. Salmon, 79, Ky. 540, an effort was made in a suit brought by some policy-holders of the Peidmont & Arlington Life Insurance Company to require the state treasurer to turn over to to the Receiver of the court certain funds deposited with him by the insurance company as a security fund pursuant to the then provisions of our Statutes. We denied the relief sought, saying:

"It has been repeatedly decided by this court that, in the absence of a law authorizing it, the state cannot be made a party-defendant or garnishee, and is not suable in her own courts: 'that parties will not be allowed to evade this inhibition by ignoring the state in their suits, and proceeding directly against the public officer having the custody of the moneys sought to be reached.' (Divine v. Harvie, 7 [T. B.] Mon. 440 [18 Am. Dec.. 194]; Tracy v. Hornbuckle 8 Bush, 336; Rodman v. Musselman, 12 Bush, 336 [354, 23 Am. Rep. 724])."

In Dodd v. Burnett, 172 Ky. 89, 188 S. W. 884, we said:

"It has long been the settled rule in this state that the fees, salary, or compensation of a public officer, in the hands of the disbursing officer of the state, are not subject to garnishment or attachment. Webb v. McCauley, 4 Bush, 8; Allen v. Russell, 78 Ky. 105; Bridgeford v. Keenehan, 8 Ky. Law Rep. 268; Dickinson v. Johnson, 110 Ky. 236, 61 S. W. 267, 54 L. R. A. 566, 96 Am. St. Rep. 434, 22 Ky. Law Rep. 1686; Sanders & Walker v. Herndon et al., 122 Ky. 760, 93 S. W. 14, 5 L. R. A. (N. S.) 1072 (121 Am. St. Rep. 493), 29 Ky. Law Rep. 325. In support of this rule two reasons are assigned: (1) The state cannot be sued; (2) the state is entitled to the free and unhampered labor of its officers, and, if they were permitted to be harassed by attachment or garnishment proceedings, it would interfere with their efficiency and seriously cripple the public service."

It would seem that these cases and their reasoning fully sustain the lower court in its action in discharging the attachment. The state highway commission is not a body corporate. As such it owes no money to the defendant. It is the state which is the defendant's debtor. And that this suit, in so far as the attachment is concerned, is one really against the state, may be fully realized when we look to the provisions of section 227 of the Civil Code of Practice, which permits an attaching creditor, dissatisfied with the answer of a garnishee, to make him a party defendant to the suit on the issue of his indebtedness to the attached debtor. To say that under such circumstances the state, although not nominally a party to the suit, is not in reality so through the state highway commission, the auditor, and treasurer, who have no personal interest in the matter and no personal liability, is to ignore the substance for the shadow.

The case of Reliance Mfg. Co. v. Board of Prison Commissioners, 161 Ky. 135, 170 S. W. 941, relied upon by the plaintiff as weakening the doctrine of the Divine case and sustaining its position, does not bear out its contention. There the prison commissioners were threatening to commit a trespass, not authorized by law, upon the property of the Reliance Manufacturing Company. Such a trespass, not being authorized by law, was their act, and was no act of the state. They were not pro-

tected by any law, and, of course, were answerable for their trespasses. Hence the court properly enjoined their threatened acts. But that is not this case. The state highway commission, the auditor, and the treasurer are purely passive. They are not withholding or paying to the defendant any funds due from them to him. Their actions in this regard are all in accordance with the law, and as agents for the state. The distinction between the cases is clear.

The plaintiff also relies upon that line of authorities illustrated by the case of Allen County v. U. S. Fidelity & Guaranty Co., 122 Ky. 825, 93 S. W. 44, 29 Ky. Law Rep. 356, which holds that materialmen or laborers furnishing material or performing labor on public work of a *municipality* (counties being in the same category) have a lien under section 2463 of the Statutes for the price of their material or services which can be enforced against the fund appropriated or set apart or devoted to the payment for such public works. But in these cases the municipality or county enjoys no such immunity from suit as does the commonwealth under the Constitution, and so these cases do not militate against the conclusions of the Divine case. In the Federal Union Surety Co. v. Commonwealth, 139 Ky. 92, 129 S. W. 335, involving claims for material furnished and labor performed on the state capital, the suit was against the surety company on its bond and not against the commonwealth, who appeared as a party plaintiff suing for the benefit of the materialmen and laborers. Further, in the instant case, it is not shown that the note or open account sued upon was for material furnished or labor performed on any work represented by the funds sought to be attached.

The principle of the Divine case is that followed by our sister states. 12 R. C. L. 802; 28 C. J. 61, 64, 128, and authorities cited. In our judgment it is entirely sound, and is controlling in the instant case. For which reason it follows that the lower court correctly discharged the attachment, and the motion to reinstate it should be overruled.

The whole court sat in the consideration of this motion and concur in this opinion.