## Knox County et al. v. Lewis' Adm'r et al.

(Decided June 21, 1935.)

MARTIN T. KELLY, TUGGLE & TUGGLE and J. LEONARD DAVIS for appellants.

HIRAM H. OWENS and JAMES S. GOLDEN for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

On the former appeal of this case, Knox County v. Lewis' Adm'r, 253 Ky. 652, 69 S. W. (2d) 1000, involving the accounts of the late sheriff of Knox county for collections of taxes due the county and the county board of education, we reversed a judgment which dismissed the petitions. The character of items properly chargeable and allowable as credits was set forth in the opinion, and the case was remanded, with directions that the trial court determine the taxes for each year of the sheriff's term in the manner outlined. There were some amended pleadings filed and seven volumes more of evidence submitted. A special circuit judge rendered blanket judgments for $9,000 in favor of the county and $6,000 in favor of the board of education, with interest from the date of the judgments. The bases were not disclosed.

The county and the school board prosecute an appeal, and in an elaborate brief set forth in detail the items they contend are chargeable, and ask that this

court reverse the judgments and direct·judgments for the respective years aggregating $34,661.71 for the county and $27,208.71 for the school board. The sheriff's administrator brings a cross-appeal and maintains that no judgment should be rendered against him. The surety on his bonds asks an affirmance.

A hearing of this appeal in the present state of the record would be a trial de novo, as there was no commissioner appointed and report made or anything else which could be used as a basis for the consideration of the respective conflicting claims. The trial court did not determine the taxes in the manner directed in the opinion on the former appeal. It seems to us that the case should have been referred to a special commissioner for an accounting and judgment rendered on exceptions filed thereto, if any. For these reasons it becomes necessary to reverse the judgments and to remand the case again for consistent proceedings.

Inasmuch as the original exhibits have been brought to this court, the record may be withdrawn by order of the circuit court to be used on the trial.

Judgment reversed.