## Livingston County et al. v. Dunn et al.

(Decided March 17, 1936).

CHARLES FERGUSON for appellants.

M. C. ANDERSON, and BRUCE & BULLITT for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

This is a second visit of this case to this court. See Livingston County et al. v. Dunn et al., 244 Ky. 460, 51 S. W. (2d) 450, 451. In our former opinion we said:

> "Without attempting to analyze or determine the correctness of the report of the accountant employed by Dunn, or of those employed by the county, or the statement of the county clerk, it will suffice to say that neither of them present the total taxes with sufficient certitude to predicate a finding of the amount of taxes that should be charged to the sheriff."

The judgment was reversed and cause remanded for proceedings consistent with our opinion. On a return of the case to the circuit court, the parties stipulated on the revenues derived from tax levies with which the sheriff was chargeable for the years involved. The remaining question to be determined was the credits to which the sheriff was entitled to have deducted from the amounts with which he was chargeable according to the stipulation. As said in the brief of one of the parties herein:

> "As between Dunn and the County, this case presents for determination on this appeal a pure matter of accounting. Intricate considerations and calculations are presented * * *."

A review of the record for ourselves discloses hundreds of items in dispute. The statutes involved in the case were considered and construed in Knox County v. Lewis' Adm'r, 253 Ky. 652, 69 S. W. (2d) 1000, and upon a return of that case to this court it still presented complicated and intricate questions of accounting, etc., and the case was again reversed and remanded, (260 Ky. 254, 84 S. W. (2d) 25), wherein we said:

"A hearing of this appeal in the present state of the record would be a trial de novo, as there was no commissioner appointed and report made or anything else which could be used as a basis for the consideration of the respective conflicting claims. * * * It seems to us that the case should have been referred to a special commissioner for an accounting and judgment rendered on exceptions filed thereto, if any. For these reasons it becomes necessary to reverse the judgments and to remand the case again for consistent proceedings."

The present case presents a situation similar to the Lewis Case, supra, and for the same reason assigned in that case, this case must be reversed and remanded for proceedings indicated.

Judgment reversed.