## Knox County et al. v. Melton et al.

(Decided May 18, 1937.)

650

J. LEONARD DAVIS and HIRAM H. OWENS for appellants.

J. D. TUGGLE, N. R. PATTERSON, J. H. JEFFERIES, E. B. WILSON and H. L. BRYANT for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The appellee, Mrs. Sarah Goodin Melton, brought this suit in equity in the Bell circuit court under section 439 of the Civil Code of Practice, upon a return of "no property found" on an execution issued against J. H. Lee upon a judgment rendered in that court, making Knox County and its treasurer, and the Knox County Board of Education and its treasurer parties defendant. It is alleged that the county is indebted to Lee in the sum of $3,333.33, and the Board of Education owed him $2,999.99 on contracts, which sums are described as being a percentage of amounts recovered of a former sheriff in compromise of claims based upon an audit made by Lee. See Knox County v. Lewis' Adm'r, 260 Ky. 254, 84 S. W. (2d) 25. The prayer of the petition is that the defendants be summoned "and brought into court," for a general order of attachment against them, and that the money owing by the defendants to Lee be paid into the court for the satisfaction of plaintiff's judgment against him.

At the February term of court next following the filing of the petition, an order was entered reciting that the defendants had been summoned but had failed to answer. The allegations of the petition were taken as true and the attachments together with attachments

procured by the American Association and Brandenburg and Gibson (not previously referred to in any part of the record) were ordered sustained and a lien created on the fund owing Lee by Knox County and the Knox County Board of Education. Later in the term another order was entered rested upon the statement that the funds had been admitted to be owing Lee by Knox County and the Knox County Board of Education, and those defendants were ordered to pay same into the hands of the clerk of the Bell circuit court within ten days. The case was continued for further orders. On the first day of the ensuing April term of court Knox County and the Knox County Board of Education and their respective treasurers entered their appearance specially for the sole purpose of filing special demurrers questioning the jurisdiction of the court and motions that the court set aside the order and jugdment upon numerous grounds, including that of the absence of jurisdiction. The court did not presently pass upon these pleadings and the case was tried by a special judge upon depositions. Final judgment was rendered to the same effect as that entered at the February term of court. The county and the Board of Education and the treasurers appeal from that judgment.

A number of questions are raised, but it seems necessary to pass upon only one of them. It is an ancient rule of all but universal application, founded upon public policy, that a state or a county as a major division of the state cannot be subjected to the process of garnishment in the absence of an express statutory provision. This rule is upon the theory that to allow garnishment would work inconvenience and detriment in the performance of public service. It is applicable to equitable garnishment as well as to a legal proceeding. 4 Am. Jurisprudence 643; 12 R. C. L. 842; 28 C. J. 58; Annotations, 60 A. L. R. 823; Webb v. McCauley, 67 Ky. (4 Bush) 8; Heilbronner v. Posey, 103 Ky. 462, 45 S. W. 505, 20 Ky. Law Rep. 156; Dodd v. Burnett, 172 Ky. 89, 188 S. W. 884; Miracle v. Hopkins, 260 Ky. 712, 86 S. W. (2d) 681; B. B. Wilson Co. v. Van Diver, 230 Ky. 27, 18 S. W. (2d) 308. With less unanimity but quite generally, the courts also apply the rule to school districts. 4 Am. Jurisprudence 644, 12 R. C. L. 844; 28 C. J. 59. We have so held in Clark v. Lee's Assignee, 8 Ky. Op. 882.

It may be observed that the Legislature has recently changed the rule as to salaries due state, county, and school district employees, section 1701b, Statutes, 1936 Acts, c. 23, but that statute does not affect the claims asserted in the case at bar.

We are of the opinion that the judgment was in this respect void. The motion made at the April term of court to set aside the judgment entered at the previous term should have been sustained. It will be regarded as sufficient to give the right of questioning the void judgment on appeal as provided by section 763 of the Civil Code of Practice. Kentucky Bonding Company v. Commonwealth, 178 Ky. 605, 199 S. W. 807.

For this reason, the judgment is reversed.