## VARDEN v. RIDINGS et al.
### No. 1627.

District Court, E. D. Kentucky.

Aug. 13, 1937.

Thomas F. Young, of Corbin, Ky., for White F. Varden.

N. R. Patterson, of Pineville, Ky., for defendant J. W. Ridings.

Walter B. Smith, of Pineville, Ky., for Bell County.

FORD, District Judge.

This is an equitable action instituted under section 439 of the Civil Code of Practice of Kentucky for the discovery and subjection of property of the defendants to the satisfaction of a judgment.

An attachment was issued and garnishment served summoning Bell County to answer and disclose any money or property owing to either of the defendants. It is not claimed that Bell County owes anything to the defendant Carter Helton. The defendant J. W. Ridings is, and at the time of the garnishment was, sheriff of Bell County, and the county owed him fees earned in the performance of his official duties.

Both the county and the defendant J. W. Ridings have moved to quash the process served upon the county upon the ground that emolument earned in the performance of his official duties by and due to the sheriff is not subject to garnishment. This well-recognized rule of public policy and the salutary basis upon which it rests has long been recognized in Kentucky. Dodd v. Burnett, 172 Ky. 89, 188 S.W. 884; B. B. Wilson Co. v. Van Diver, 230 Ky. 27, 18 S.W.(2d) 308.

Chapter 23 of the Acts of the Kentucky Legislature of 1936 provides "that salaries or sum due State, county, school boards, and municipal employees shall be subject to attachment or garnishment the same as if such salaries or sums were due from an individual."

The distinction between "public employees" and "public officers" has been often recognized and pointed out by the courts. It may be stated as a general rule, deducible from the cases discussing the question, that a position is a public office when it is created by law, with duties cast on the incumbent which involve an exercise of some portion of the sovereign power and in the performance of which the public is concerned, and which also are continuing

496

in their nature and not occasional or intermittent; while a public employment, on the other hand, is a position which lacks one or more of the foregoing elements. 22 R.C.L. § 13, p. 381; United States v. Heinze (C. C.) 177 F. 770; Scully v. United States (C.C.) 193 F. 185, 186; Page v. O'Sullivan, 159 Ky. 703, 169 S.W. 542; and Bankers' Surety Co. v. Newport, 162 Ky. 473, 172 S.W. 940.

■ In view of the distinction between an officer and an employee, I am of the opinion that in the enactment of chapter 23 of the Acts of 1936 it was not the intention of the Legislature to embrace "public officers" within its terms, nor to alter the long-established public policy which gives immunity from attachment or garnishment to the salaries or fees due public officers.

The sheriff of the county being clearly a public officer, his fees and emoluments are exempt from attachment or garnishment, and the motion to quash the process issued herein by which it is sought to attach fees due him from Bell County must be sustained.

Let an order be entered accordingly.